FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 24, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH H.,<br><br>                              Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                              Defendant. | NO:  4:21-CV-5060-RMP<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND GRANTING<br>DEFENDANT'S CROSS-MOTION<br>FOR SUMMARY JUDGMENT |

BEFORE THE COURT, without oral argument, are cross-motions for

summary judgment from Plaintiff Kenneth H.[1], ECF No. 18, and Defendant the

Commissioner of Social Security ("Commissioner"), ECF No. 22.  Plaintiff seeks

judicial review, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), of the

Commissioner's denial of his claim for Social Security Disability Insurance Benefits

("DIB") and Social Security Income ("SSI") under Titles II and XVI of the Social

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
name and last initial.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 1

Security Act (the "Act"). *See* ECF No. 18 at 1. Having considered the parties'

motions, the administrative record, and the applicable law, the Court is fully

informed. For the reasons set forth below, the Court denies Plaintiff's Motion for

Summary Judgment and grants the Commissioner's Motion.

## BACKGROUND

### *General Context*

Plaintiff applied for DIB and SSI on approximately June 11, 2015, alleging an

onset date of September 1, 2013, and a date last insured of June 30, 2016.

Administrative Record ("AR") 16, 19, 277–89.[2] Plaintiff maintained that he was

unable to function and/or work due to herniated disks, spinal cord impingement,

tremors, conversion disorder, severe neck pain, anxiety, depression, and arthritis.

AR 377, 384. Plaintiff was forty years old at the time that he filed his application

and presently is 47 years old. *See* AR 87. Plaintiff completed most of his high

school credits but did not earn a diploma. *See* AR 321. Plaintiff has experienced

trauma in the form of abuse during his childhood, bearing witness to several fatal

motor vehicle accidents, and the death of his girlfriend. *See* ECF No. 18 at 3 (citing

AR 837–38). Plaintiff also suffered physical injuries from a fall while hiking in

---

[2] The AR is filed at ECF No. 14.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 2

1    March 2014.  *See* AR 514.  Plaintiff is trained as a welder and pipe fitter but has not

2    worked since April 2012.  AR 320−21.

3        Plaintiff's applications were denied initially and upon reconsideration, and

4    Plaintiff requested a hearing.  On April 26, 2018, a video hearing was held in

5    Kennewick, Washington, with Administrative Law Judge ("ALJ") Jesse K.

6    Shumway held a video hearing from Spokane, Washington, with Plaintiff appearing

7    from Kennewick, Washington.  AR 16, 50–86.

8        The ALJ decided that Plaintiff was medically disabled from March 3, 2014, to

9    August 5, 2016.  AR 31. The ALJ denied benefits after August 5, 2016, finding that

10   the claimant could perform other work existing in significant numbers

11   from August 6, 2016, through the date of the decision.  AR 27–28, 31.  Plaintiff

12   appealed the decision and contended that disability should be ongoing.  The

13   Appeals Council denied a request for review.  AR 1–6.

14       On May 22, 2020, this Court reversed the case upon stipulated motion from

15   the parties.  AR 987−97.  On June 22, 2020, the Appeals Council remanded the case

16   for a supplemental hearing and admission of evidence that was previously not

17   considered and directed the ALJ to consider whether to award benefits for the time

18   after August 6, 2016.  AR 1000–01. On January 11, 2021, ALJ Shumway held a

19   telephonic hearing, due to the exigencies of the COVID-19 pandemic.  AR  921–41.

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 3

At the hearing, the claimant amended the alleged onset date to the March 3, 2014. AR 924.

### ALJ's Decision

On February 5, 2021, ALJ Shumway issued an unfavorable decision. AR 894–911. Applying the five-step evaluation process, ALJ Shumway found:

**Step one:** Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2019, and Plaintiff has not engaged in substantial gainful activity since March 3, 2014, the date that Plaintiff became disabled. AR 898.

**Step two:** Since the amended alleged onset date of disability, March 3, 2014, Plaintiff has the following severe impairments that are medically determinable and significantly limit his ability to perform basic work activities: Erb's brachial plexopathy; cervical degenerative disc disease, status-post surgery; cannabis use disorder; post-traumatic stress disorder (PTSD); major depressive disorder; generalized anxiety disorder (20 CFR 404.1520(c) and 416.920(c)). AR 899. The ALJ further found that Plaintiff has nonsevere impairments in the form of benign skin lesions, sleep apnea, hypertension, concussion, and leg burn, that have not caused more than minimal limitation in Plaintiff's ability to perform basic work activities for twelve consecutive months. AR 899. The ALJ further concluded that Plaintiff has not developed any new impairment or impairments since August 6,

2016, so Plaintiff's current severe impairments are the same as that present from March 3, 2014, through August 5, 2016.  AR 900.

**Step three:** The ALJ found that, beginning on August 6, 2016, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R.  404.1594(f)(2) and 416.994(b)(5)(i).  AR 900.  The ALJ found that Plaintiff's cervical impairment no longer met listing 1.04 as of August 6, 2016, more than one year after Plaintiff's May 2015 surgery.  AR 900.  The ALJ found that Plaintiff's plexopathy also improved as of August 6, 2016, and that nothing in the evidence suggests it worsened after that date. AR 900.  The ALJ referred to the testimony of physical medical expert, James McKenna, M.D., from the April 2018 hearing who opined that Plaintiff's impairments ceased to equal the listing as of March 31, 2016, six months after the Erb's plexopathy had started to heal and eight months after the cervical fusion.  AR 900.  The ALJ further recounted that Dr. McKenna acknowledged that the first definitive showing of a healed plexopathy was from August 5, 2016, when the claimant's nerve conduction study showed normal results. AR 900 (citing AR 816)).  The ALJ noted that the evidence admitted on remand showed no worsening in the claimant's physical impairments. AR 900 (citing AR 1208, for imaging showing "stable findings," AR 1223, 1229, 1233, 1236, for March and June physical examinations showing "no motor or neuro

deficits," and AR 1208 for a treatment note from Plaintiff's physician on October 15, 2020, that he had shown Plaintiff "the x-rays that were done and compared those to the previous x-rays and I really do not see any change.").

With respect to mental impairments, the ALJ found that Plaintiff does not meet the "paragraph B" criteria of having at least one extreme or two marked limitations in a broad area of functioning to meet the relevant mental impairment listings, 12.04 and 12.06. AR 900–01. Specifically, the ALJ found Plaintiff moderately limited, beginning August 6, 2016, in interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. AR 901. The ALJ found Plaintiff mildly limited in his ability to understand, remember, or apply information beginning August 6, 2016. AR 900–01. The ALJ further found that, alternatively, the record does not support the presence of "paragraph C" criteria. *See* AR 901 (finding that "record does not establish that the claimant has only marginal adjustment, that is, a minimal capacity to adapt to changes in the claimant's environment or to demands that are not already part of the claimant's daily life").

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff had the RFC to perform:

> a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that Plaintiff can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; he can never climb ladders, ropes, or scaffolds; he can only occasionally reach overhead and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 6

1

frequently reach in all other directions; he can have no exposure to
extreme cold, vibration, or hazards (e.g., unprotected
heights and moving mechanical parts); he cannot operate a motor
vehicle; he is limited to simple, routine, and repetitive tasks with a
reasoning level of 2 or less; he can have no contact with the public, and
only occasional, superficial contact with co-workers and supervisors;
and he cannot perform assembly-line-paced or other fast-paced work.

AR 902.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements

concerning the intensity, persistence, and limiting effects of his alleged symptoms

"are not entirely consistent with the medical evidence and other evidence in the

record" for several reasons that the ALJ discussed.  AR 903.

**Step four:** The ALJ found that Plaintiff has past relevant work as a pipe fitter

and combination welder.  AR 909.

**Step five:** The ALJ found that Plaintiff has a "limited" education; was a

younger individual (age 18-49) during the relevant period of August 6, 2016, until

the hearing; and that transferability of job skills is not material to the determination

of disability because the application of the Medical-Vocational Guidelines to

Plaintiff's case supports a finding that Plaintiff is "not disabled," whether Plaintiff

has transferable job skills.  AR 909.  The ALJ found that there are jobs that exist in

significant numbers in the national economy that Plaintiff can perform considering

his age, education, work experience, and RFC.  AR 909–10.  Specifically, the ALJ

recounted that the VE at the prior hearing identified the following representative

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 7

occupations that Plaintiff would be able perform with Plaintiff's RFC as of August 6, 2016: Small Parts Assembler, Photocopy Machine Operator, and Collator.  AR 910.  The ALJ concluded that since August 6, 2016, Plaintiff has been capable of making a successful adjustment to work that exists in significant numbers in the national economy and, therefore, has not been disabled within the meaning of the Social Security Act from August 6, 2016.  AR 910.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

1    (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may

2    reasonably draw from the evidence" also will be upheld.  *Mark v. Celebrezze*, 348

3    F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole,

4    not just the evidence supporting the decisions of the Commissioner.  *Weetman v.*

5    *Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

6        A decision supported by substantial evidence still will be set aside if the

7    proper legal standards were not applied in weighing the evidence and making a

8    decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir.

9    1988).  Thus, if there is substantial evidence to support the administrative findings,

10   or if there is conflicting evidence that will support a finding of either disability or

11   nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*,

12   812 F.2d 1226, 1229–30 (9th Cir. 1987).

13   ***Definition of Disability***

14       The Social Security Act defines "disability" as the "inability to engage in any

15   substantial gainful activity by reason of any medically determinable physical or

16   mental impairment which can be expected to result in death or which has lasted or

17   can be expected to last for a continuous period of not less than 12 months."  42

18   U.S.C. §§ 423(d)(1)(A).  The Act also provides that a claimant shall be determined

19   to be under a disability only if his impairments are of such severity that the claimant

20   is not only unable to do his previous work, but cannot, considering the claimant's

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 9

age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. §§ 416.920, 404.1520. Step one determines if he is engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 416.920(a)(4)(ii), 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§ 416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 10

the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that he has performed in the past. If the claimant can perform his previous work, the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering his residual functional capacity and age, education, and past work experience. 20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 11

exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1.     Did the ALJ deny Plaintiff due process by not calling a vocational expert at the hearing on remand?

2.     Did the ALJ erroneously evaluate the seven medical source opinions?

3.     Did the ALJ err at Step Three in finding that Plaintiff's impairments do not meet or equal a listing since August 5, 2016?

4.     Did the ALJ erroneously discount Plaintiff's subjective symptom testimony?

5.     Did the ALJ err at Step Five?

6.     Did the ALJ err in formulating the RFC and making vocational findings at step five?

### *Due Process*

Plaintiff argues that the ALJ "inexplicably failed to call a vocational expert at the claimant's remanded hearing, preventing Mr. Hubbell from receiving due process, as he was denied the right to cross examine the vocational expert."  ECF No. 18 at 10.  Plaintiff further contends that "[a]ny reliance on testimony from the claimant's prior hearings was misplaced, as the record was not complete due to the ALJ's improper removal of exhibits from the record tending to support disability."  *Id.*; *see also* ECF No. 23 at 2 (repeating this argument on reply).  Plaintiff contends

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 12

1    that "the Commissioner should not be given a third opportunity to improperly deny

2    [Plaintiff's] claim."  ECF No. 23 at 2.

3        The Commissioner responds that a due process violation requires an error that

4    affected the claimant's substantial rights.  ECF No. 22 at 18–19 (citing *Ludwig v.*

5    *Astrue*, 674 F.3d 1104, 1054 (9th Cir. 2012)). The Commissioner argues that

6    Plaintiff has not explained how the ALJ's alleged error of relying on testimony from

7    the prior hearing affected his substantial rights.  *Id.* at 18–19.

8        "[A]pplicants for social security benefits are entitled to due process in the

9    determination of their claims." *Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir.

10   2001).  Hearing procedures may be informal, but they must be "fundamentally fair."

11   *Richardson v. Perales*, 402 U.S. 389, 401–02 (1971); *see Mathews v. Eldridge*, 424

12   U.S. 319, 333 (1976) ("The fundamental requirement of due process is the

13   opportunity to be heard at a meaningful time and in a meaningful manner.") (internal

14   quotation marks omitted).  Moreover, the "ALJ in a social security case has an

15   independent duty to fully and fairly develop the record and to assure that the

16   claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th

17   Cir. 2001).  However, the ALJ's duty is triggered only when "there is ambiguous

18   evidence or when the record is inadequate to allow for proper evaluation of the

19   evidence." *Mayes v Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 13

1    Plaintiff does not cite to any caselaw to support that relying on testimony from

2    Plaintiff's April 2018 hearing, in addition to Plaintiff's testimony at the January

3    2021 hearing on remand, deprives Plaintiff of his opportunity for a full and fair

4    hearing.  "[A] conclusory allegation that due process was denied is not sufficient to

5    raise a colorable constitutional claim."  *Michele T. v. Comm'r of Soc. Sec.*, No. 3:20-

6    cv-06085-JRC, 2021 U.S. Dist. LEXIS 222300, at *17 (W.D. Wash. Nov. 17, 2021)

7    (citing *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992)).  The Court finds no

8    basis to conclude that ALJ Shumway deprived Plaintiff of due process at his January

9    2021 hearing or in his February 2021 decision.  Therefore, the Court denies

10   Plaintiff's Motion for Summary Judgment on this issue and grants summary

11   judgment to Defendant on the same.

12       ***Medical Opinion Testimony***

13   Plaintiff maintains that the ALJ erroneously discounted the medical source

14   opinions of NK Marks, PhD; Renee Eisenhauer, PhD; Erum Khaleeq, MD; David T.

15   Morgan, PhD; M. Roman, MD; Holly Petaja, PhD; and Eric Thoma, LMHC.  ECF

16   No. 18 at 11–18.  Plaintiff asserts that the ALJ's determination with respect to each

17   medical professional was not supported by substantial evidence and that, "all

18   providers to treat [Plaintiff], examine him, or review the full longitudinal record

19   assessed disabling limitations, warranting immediate payment of benefits."  *Id.* at

20   18.

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 14

1    The Commissioner contends that the ALJ reasonably evaluated the medical

2    source opinions under the framework provided by the revised regulations.  ECF No.

3    22 at 9.

4    The regulations that took effect on March 27, 2017, provide a new framework

5    for the ALJ's consideration of medical opinion evidence and require the ALJ to

6    articulate how persuasive he finds all medical opinions in the record, without any

7    hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the

8    Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18,

9    2017); 20 C.F.R. § 404.1520c.  Instead, for each source of a medical opinion, the

10    ALJ must consider several factors, including supportability, consistency, the

11    source's relationship with the claimant, any specialization of the source, and other

12    factors such as the source's familiarity with other evidence in the claim or an

13    understanding of Social Security's disability program.  20 C.F.R. § 404.1520c(c).

14    Supportability and consistency are the "most important" factors, and the ALJ

15    must articulate how he considered those factors in determining the persuasiveness of

16    each medical opinion or prior administrative medical finding.  20 C.F.R. §

17    404.1520c(b)(2).  With respect to these two factors, the regulations provide that an

18    opinion is more persuasive in relation to how "relevant the objective medical

19    evidence and supporting explanations presented" and how "consistent" with

20    evidence from other sources the medical opinion is.  20 C.F.R. § 404.1520c(c)(1).

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 15

The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  20 C.F.R. § 404.1520c(b)(2), (3).  Courts also must continue to consider whether the ALJ's finding is supported by substantial evidence.  See 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

Prior to issuance of the new regulations, the Ninth Circuit required an ALJ to provide clear and convincing reasons to reject an uncontradicted treating or examining physician's opinion and provide specific and legitimate reasons where the record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  Recently, the Ninth Circuit held that the Social Security regulations revised in March 2017 are "clearly irreconcilable with [past Ninth Circuit] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."  *Woods v. Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22, 2022).  The Ninth Circuit continued that the "requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, is likewise incompatible with the revised regulations."  *Id*. at *15 (internal citation omitted).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 16

1   Accordingly, as Plaintiff's claim was filed after the new regulations took

2   effect, the Court refers to the standard and considerations set forth by the revised

3   rules for evaluating medical evidence.  *See* AR 17.

4   <u>NK Marks, PhD; Renee Eisenhauer, PhD; and Holly Petaja, PhD</u>

5   Plaintiff argues that the ALJ "rejected the well-supported opinions of Dr.

6   Marks and Dr. Eisenhauer with nothing more than boilerplate findings, asserting that

7   the ratings were inconsistent with Dr. Marks' objective findings and the longitudinal

8   record and asserting without evidence or explanation that Dr. Marks' findings were

9   based on inaccurate statements provided by the claimant."  ECF No. 18 at 12 (citing

10  AR 907).  Plaintiff maintains that the longitudinal record supports that Plaintiff

11  "consistently presented with tearfulness, difficulty with PTSD triggers, stress,

12  anxiety, paranoia, depression, and deficits in concentration and communication from

13  2016 onward."  *Id.* at 13 (citing AR 719, 720, 723, 729, 737, 743, 791, and 830).

14  The Commissioner responds that Dr. Marks assessed severe limitations that

15  were inconsistent with Dr. Marks's mental status examination of Plaintiff as well as

16  the longitudinal record.  ECF No. 22 at 12–13 (citing AR 64, 838–41, 907).  The

17  Commissioner also refers the Court to materials in the record indicating that Plaintiff

18  informed Dr. Marks that he only used marijuana occasionally (Tr. 836), despite

19  record evidence showing that Plaintiff smoked marijuana daily (Tr. 1208, 1210,

20  1215).  *Id.* at 13 (citing AR 836, 907, 1208, and 1210).  The Commissioner

21

1   maintains that the ALJ then reasonably discounted the opinions of Dr. Eisenhauer,

2   who relied on Dr. Marks's report and opinion to reach her own conclusion.  *Id.*

3          Plaintiff replies that the ALJ did not indicate how Plaintiff's marijuana use,

4   even if it were more frequent than he reported to Dr. Marks, had any impact on his

5   mental functioning, and both Dr. Marks and Dr. Eisenhauer found that Plaintiff's

6   drug use did not contribute to his disabling mental limitations.  ECF No. 23 at 3

7   (citing AR 839, 842, and 846).

8          Dr. Marks completed a psychological evaluation of Plaintiff for the

9   Washington Department of Social and Health Services ("DSHS") on December 7,

10  2017.  AR 835–41.  Dr. Marks made clinical findings of symptoms of depression,

11  without indicating a severity level; symptoms that place Plaintiff in the severe range

12  for anxiety; and symptoms that place Plaintiff in the severe range of PTSD.  AR 837.

13  Dr. Marks ultimately assessed marked or severe limitations in six areas of basic

14  work activities.  AR 838–39.  However, Dr. Marks assessed an overall severity

15  rating for Plaintiff

16         The ALJ assigned Dr. Marks's opinion "little weight" because "she provided

17  little explanation for her 'checkbox' opinions, her ratings are inconsistent with her

18  own objective findings and the longitudinal record, and her conclusions are premised

19  at least in part on inaccurate information provided by the claimant. The claimant

20  informed her that he only used marijuana occasionally, whereas he reported to other

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 18

1    providers that he used it on a daily basis." AR 907 (internal citations omitted). The

2    ALJ noted, specifically, that Dr. Marks recorded "all categories in his Mini-mental

3    Status Examination were within normal limits" and "[d]espite these benign findings,

4    Dr. Marks rated the claimant as severely limited in his ability to be aware of normal

5    hazards and take appropriate precautions." AR 907. The ALJ also noted that Dr.

6    Marks opined that the overall severity of Plaintiff's limitations was "only moderate."

7    AR 907.

8        As the ALJ indicated, Dr. Marks recorded findings within normal limits when

9    she examined Plaintiff, including that: his speech was soft, well-organized, and

10    progressive; his attitude and behavior were cooperative, open, verbal, quiet, with

11    good eye contact; and perception, memory, fund of knowledge, concentration,

12    abstract thought, insight, and judgment all within normal limits. AR 839–40. The

13    only remarkable observation was that Dr. Marks found Plaintiff to have a depressed

14    mood and a corresponding affect. AR 840. Moreover, Dr. Marks's understanding

15    that Plaintiff only occasionally used marijuana while Plaintiff later reported to

16    treatment providers that he used marijuana daily undermines whether Dr. Marks was

17    rendering her opinions with sufficient information. *See* AR 836, 1208, 1210, and

18    1215. Accordingly, all of the reasons provided by the ALJ in assigning Dr. Marks's

19    opinion little weight are supported by substantial evidence in the record.

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 19

1    Dr. Eisenhauer reviewed the evaluation of Dr. Marks on December 20, 2017,

2    and concluded that the ratings found by Dr. Marks are consistent with the severity

3    noted in the evidence.  AR 842.  The ALJ assigned Dr. Eisenhauer's opinion "little

4    weight . . . given its reliance on Dr. Marks' conclusions."  AR 907.  Accordingly, the

5    Court finds that substantial evidence supports the reasons that the ALJ provided for

6    discounting Dr. Eisenhauer's testimony.

7    The Court finds no error with respect to the ALJ's assessment of either Dr.

8    Marks's or Dr. Eisenhauer's opinions.

9    Erum Khaleeq, MD

10    Plaintiff argues that the ALJ erred by finding, "without explanation that Dr.

11    Khaleeq relied on physical impairments outside of his expertise and 'irrelevant

12    factors,' committing harmful legal error by rejecting the disabling opinion."  ECF

13    No. 18 at 14; *see also* ECF No. 23 at 5.  Plaintiff acknowledges that Dr. Khaleeq's

14    September 2015 opinion is "within the closed period of benefits" that is no longer at

15    issue, but maintains that the opinion "is extremely important to consider in the

16    context of disabling mental health conditions that continued past the closed period."

17    ECF No. 18 at 14.  Plaintiff also maintains the ALJ inaccurately portrayed the

18    longitudinal record.

19    The Commissioner responds that the ALJ assigned little weight only to those

20    portions of Dr. Khaleeq's opinion that "relied on impairments, such as Plaintiff's

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 20

alleged difficulty lifting more than two pounds, which were outside of the scope of the examination, as well as Dr. Khaleeq's expertise."  ECF No. 22 at 10 (citing AR 595–96, 907).

Dr. Khaleeq performed a consultative psychological examination of Plaintiff on September 20, 2015, and diagnosed Plaintiff with depression caused by his ongoing pain and "some PTSD going on as he witnessed many traumatic events throughout his life."  AR 595.  Dr. Khaleeq found, with respect to Plaintiff's ability to function at work, that:

> The claimant could manage funding provided benefits as he has a work history.
>
> He could perform simple and repetitive tasks; could perform detailed and complex tasking; was quite prompt in doing his [mini-mental status examination].
>
> He may have difficulty accepting instructions from supervisors and to work in public as evidenced from his guarded behavior and for him not being able to stay in the workforce.
>
> He may take some time to perform work activities on a consistent basis and to attend in the workplace as the claimant said he has difficulty holding anything more than two pounds. He cannot turn his shoulder and it is the pain causing him some depression.
>
> He may take some time completing a normal workday/workweek as it has been 2-1/2 years since he last worked.
>
> The usual stress encountered in the workplace could further aggravate his psychiatric condition.

AR 595–96.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 21

1    The ALJ assigned "little weight to most" of Dr. Khaleeq's opinion.  AR 907.

2  The ALJ reasoned that the opinion "relies on alleged physical impairments outside

3  this examiner's expertise (and certainly outside the scope of his exam) and on

4  irrelevant factors like the amount of time the claimant has been unemployed."  AR

5  907.  By contrast, the ALJ assigned "great weight to Dr. Khaleeq's opinion

6  regarding the claimant's ability to perform tasks, which is supported by his exam

7  findings, and is consistent with the record."  AR 907.

8    Dr. Khaleeq found that Plaintiff "cannot turn his shoulder," but the only

9  finding with respect to Plaintiff's shoulder in the mental status examination that Dr.

10  Khaleeq performed is that Plaintiff's "right shoulder seems to be tilted downwards."

11  AR 594.  Other than Dr. Khaleeq's observation, the other information that Dr.

12  Khaleeq had regarding Plaintiff's shoulder was self-reported, recording that "[h]e

13  believes that he is not able to use his shoulder, especially his right shoulder."  AR

14  593−94 (also noting that Plaintiff informed him of the following medical history:

15  "He said he had many injuries especially after a dropping in the mountain for 30 feet

16  which injured his cervical vertebra. They went through his neck to operate on and

17  now he cannot lift his shoulder."). Therefore, the ALJ's finding that Dr. Khaleeq

18  relied on "alleged physical impairments outside this examiner's expertise (and

19  certainly outside the scope of his exam)" is supported by substantial evidence.  In

20  addition, Dr. Khaleeq's opinion indicates that his opinion that Plaintiff "may take

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 22

some time completing a normal workday/workweek" is based solely on Plaintiff not

having worked for two and a half years before the examination, not on Plaintiff's

mental health symptoms.  AR 595.  The Court finds no error with respect to the

ALJ's evaluation of Dr. Khaleeq's opinion.

<u>David T. Morgan, PhD</u>

Plaintiff argues that the ALJ rejected Dr. Morgan's "disabling opinion,

incorrectly alleging inconsistencies in the claimant's statements and that the

durational requirement was not met, despite the fact that Mr. Hubbell has been

disabled since 2014."  ECF No. 18 at 15 (citing *Garrison v. Colvin*, 759 F.3d 995,

1023 (9th Cir. 2014), for the proposition that check-box forms that are supported by

other findings shall be "entitled to weight that an otherwise unsupported and

unexplained check-form would not merit.").  Plaintiff also asserts that the ALJ

mischaracterized Dr. Morgan's objective examination findings, which actually

supported Dr. Morgan's disabling opinion.  ECF No. 18 at 15.

The Commissioner responds that the ALJ's evaluation of Dr. Morgan's

opinion was supported by substantial evidence.  ECF No. 22 at 12.  Namely, the

Commissioner asserts that the ALJ was reasonable to discount Dr. Morgan's finding

of marked limitations that were inconsistent with Dr. Morgan's examination of

Plaintiff, which found Plaintiff to be well groomed, have normal speech, a

cooperative attitude, an anxious mood, a normal affect, a normal thought process

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 23

1    and content, normal orientation, normal perception, normal memory, normal fund of

2    knowledge, normal concentration, normal abstract thinking, and normal insight and

3    judgment.  ECF No. 22 at 10−11 (citing 908, 1193−94).  The Commissioner further

4    asserts that Dr. Morgan's opinion does not satisfy the durational limit because Dr.

5    Morgan opined that Plaintiff's limitations would last only ten months with available

6    treatment.  *Id.* at 11 (citing 1192; 20 C.F.R. §§ 416.909, 416.920(a)(4)(ii)).  The

7    Commissioner argues, in addition, that the ALJ reasonably considered the adequacy

8    of Dr. Morgan's explanation when he found that he or Dr. Morgan "completed a

9    cursory exam and his opinion is a checkbox form with no meaningful explanation."

10    *Id.* (citing AR 908; *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) for the

11    proposition that an ALJ need to take medical opinions "at face value, but may take

12    into account the quality of the explanation when determining how much weight to

13    give a medical opinion.").

14        With respect to the Commissioner's duration argument, Plaintiff replies that

15    Plaintiff "has been disabled since 2014."  ECF No. 23 at 5 (citing AR 907).

16        Dr. Morgan performed a psychological evaluation of Plaintiff for DSHS on

17    October 24, 2019.  AR 1190–93.  Dr. Morgan made clinical findings of PTSD, with

18    moderate to marked severity and daily frequency.  AR 1191.  In Dr. Morgan's

19    mental status examination of Plaintiff, he found that Plaintiff's concentration and

20    memory were outside of normal limits, and Plaintiff had an anxious mood.  AR

21    ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 24

1  1193–94.  All other mental status findings were within normal limits.  AR 1193–94.

2  Dr. Morgan opined that Plaintiff has mild or moderate limitations in ten basic work

3  activities and marked limitations in three basic work activities.  AR 1192.  He

4  opined that Plaintiff's overall severity level is moderate, and Plaintiff "will be

5  impaired with available treatment" for a duration of ten months.  AR 1192.

6          The ALJ assigned "little weight" to Dr. Morgan's opinion.  AR 908.  The ALJ

7  reasoned:

8          Dr. Morgan completed a cursory exam and his opinion is a checkbox
        form with no meaningful explanation. His opinion of marked
9          limitations is inconsistent with his own examination showing only mild
        to moderate findings at best. I also note the claimant was inconsistent
10        during this exam (e.g., reporting being clean and sober for 16 years
        despite evidence of daily marijuana use in the record. Of further
11        significance, Dr. Morgan's opined the claimant's limitations would last
        only 10 months, and therefore his opinion does not establish a
12        durational level of impairment.

13  AR 908 (internal citations omitted).

14          In evaluating the supportability and consistency of Dr. Morgan's opinions, the

15  ALJ found that Dr. Morgan's report conflicted with Dr. Morgan's own mental status

16  examination findings.  AR 908.  Indeed, substantial evidence supports that Plaintiff

17  demonstrated largely normal mental status when Dr. Morgan examined him.  *See*

18  AR 1193–94.  The record also supports the ALJ's observation that Dr. Morgan

19  indicated that Plaintiff had been "in recovery [for substance abuse] for sixteen years"

20  and did not account for Plaintiff's daily use of marijuana indicated elsewhere in the

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 25

1    record.  *See* AR 1191, 1208, 1210, and 1215.  With respect to duration, even if the

2    ALJ had assigned greater weight to Dr. Morgan's opinion, Dr. Morgan limited the

3    limitations that he assessed to ten months in duration, and not twelve months or

4    more. The Court does not find error in the ALJ's treatment of Dr. Morgan's medical

5    source opinions, and, even if there were error, Dr. Morgan's opinion with respect to

6    duration would render that error harmless.

7                    Holly Petaja, PhD

8        Plaintiff argues that the ALJ erred by failing to provide "specific to Dr.

9    Petaja" in rejecting her disabling opinion.  ECF No. 18 at 17.  As Dr. Marks,

10   Morgan, and Petaja all assessed disabling limitations, Plaintiff argues that the ALJ's

11   rejections of their opinions amount to "attempts at armchair psychologist" that "are

12   unpersuasive at best."  *Id.*

13       The Commissioner responds that substantial evidence supports the ALJ's

14   decision to give little weight to Dr. Petaja's opinion "given its reliance on Drs.

15   Marks' and Morgan's opinions."  ECF No. 22 at 13.

16       On November 6, 2019, Dr. Petaja reviewed the evaluation reports of Dr.

17   Morgan and Dr. Marks for DSHS and concurred in the findings including Dr.

18   Morgan's opinion that the limitations would last for ten months.  AR 1195–96.  The

19   ALJ assigned "little weight" to Dr. Petaja's opinion "for the same reasons" he

20   assigned little weight to Dr. Morgan's and Dr. Marks's opinions.  AR 908.

21   ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
     AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
     JUDGMENT ~ 26

The Court already found that the ALJ's discussion of Dr. Morgan's and Dr. Marks's opinions addressed the consistency and supportability factors prioritized by the administrative rules and was supported by substantial evidence.  Accordingly, as the Court already found no error in the ALJ's treatment of those medical sources' opinion regarding limitations, there is no other basis to find that the ALJ erred with respect to Dr. Petaja.  Dr. Petaja did not have an independent opinion of Plaintiff's limitations to either find persuasive or not.  Therefore, the Court finds no error in the ALJ's treatment of Dr. Petaja.

### M. Roman, MD

Plaintiff aseserts that the ALJ harmfully erred when he assigned little weight to Dr. Roman's opinion because Plaintiff's "symptoms wax and wane—with multiple bad days per week where he is largely limited to bedrest."  ECF No. 18 at 16 (citing AR 930–32).  Plaintiff further argues that the objective findings after 2016 verify the disabling neck/upper extremity limitations, including: "(1) scores in just the 1st percentile in the Purdue Pegboard Bilateral Assembly test, a measure of manipulative dexterity; (2) imaging demonstrating postsurgical changes, congenitally narrowed spinal canal at C6 and C7, and disc bulge and/or hematoma at C3-4; and (3) cervical radiculopathy.  *Id.* (citing AR 779, 1173, and 1178).  Lastly, Plaintiff argues that the ALJ erred by discounting Dr. Roman's opinion without

identifying any inconsistencies or provide any reasoning discounting the supported limitations.  *Id.*

The Commissioner responds that the ALJ relied on evidence that Plaintiff demonstrated 5/5 upper extremity strength, good range of motion, a stable fusion, a normal gait, and intact reflexes and sensation when the ALJ did not credit Dr. Roman's opinion that Plaintiff was unable to perform even sedentary work or use his upper extremities.  ECF No. 22 at 15 (citing AR 908, 1205, 1208–09, 1224, 1228–29, 1233, 1239, and 1290).  The Commissioner also argues that, as the ALJ found, Dr. Roman's opinion was inconsistent with other opinions of record, including Dr. McKenna's, whose testimony the ALJ assigned great weight and who Dr. McKenna testified Plaintiff's upper extremity nerve injuries would have a recovery time of just six months to a year, with an expected six-month recovery.  *Id.* (citing AR 57–59, 908–09).  The Commissioner adds that Dr. McKenna opined that Plaintiff could reach overhead occasionally; perform other reaching frequently but not continuously; lift up to 20 pounds occasionally and 10 pounds frequently; sit, stand, or walk for six out of eight hours in the workday; perform pushing and pulling frequently but not continuously; and stoop, crouch, kneel, and crawl frequently.  *Id.* (citing AR 59-60).  The Commissioner further directs the Court's attention to the ALJ's observation that Plaintiff presented differently to Dr. Roman compared to his regular providers. *Id.* (citing AR 908).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 28

1    Dr. Roman completed a medical report on a form provided by Plaintiff's

2    counsel on December 3, 2020.  AR 1288.  Dr. Roman indicated that he had begun

3    treating Plaintiff in 2018 and opined that Plaintiff was severely limited and unable to

4    perform work even at a sedentary level.  AR 1287.  Dr. Roman opined that Plaintiff

5    could "never" use his upper extremities.  AR 1287.

6    The ALJ determined that Dr. Roman's opinion was entitled "little weight"

7    because:

8        Dr. Roman's opinions are inconsistent with the evidence showing a
         stable fusion and largely intact with a normal gait, good range of
9        motion, normal strength, intact reflexes and sensation, etc. (e.g., Exs.
         28F, 32; 30F, p. 2-3, 17, 22, 27, 30).
10
         Dr. Roman's opinions appear to be based primarily on subjective
11       complaints (e.g., off task, missing work, etc.) and are unsupported by
         objective evidence.  As noted above, the claimant's
12       presentation/complaints to Dr. Roman differ than those when he sees
         his regular providers. I find other opinions, such as those of the physical
13       medical expert, to be more consistent with the record as a whole.

14    AR 908 (internal citations omitted).

15    Earlier in the ALJ's decision, he cited to evidence that Plaintiff presented to

16    treatment providers in 2019 and 2020 with normal strength, "normal extremities,"

17    and intact strength and sensation.  AR 904.  The ALJ also noted earlier in the

18    opinion that Plaintiff sought medical treatment after June 2020 after burning his

19    right leg riding his dirt bike, which the ALJ found to be "wholly inconsistent with

20    his hearing claims of debilitating pain, unable to lift more than a few pounds, has to

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 29

1    lie down 5-6 times a day, cannot cook or do other basic activities, etc." AR 904.

2    The ALJ also cites to portions of the record indicating that Plaintiff demonstrated

3    stable fusion and largely intact with a normal gait, good range of motion, normal

4    strength, intact reflexes, and sensation.  AR 908.  The Court finds substantial

5    evidence to support the ALJ's treatment of Dr. Roman's opinion and, therefore,

6    declines to disturb the ALJ's assessment.

7             Eric Thoma, LMHC

8             Plaintiff argues that the ALJ erroneously relied on the testimony

9    of Dr. Winfrey at the first hearing to discount Mr. Thoma's opinion while failing to

10   call a medical expert at the remanded hearing and, therefore, relying on an

11   incomplete record.  ECF No. 18 at 21 (citing AR 909).  As Plaintiff also argued with

12   respect to Dr. Morgan, Plaintiff maintains that the ALJ mischaracterized the record

13   and asserted that the claimant can perform several activities he is unable to do.  *Id.* at

14   22.  Plaintiff asserts that his own testimony shows that he spends much of the day

15   lying down and is unable to use his hands for more than ten minutes at a time.  *Id.*

16   (citing AR 925–40).  Plaintiff maintains that treatment records support Mr. Thoma's

17   opinion, and asserts that the record contains the disabling opinions of several mental

18   health professionals.  *Id.* (citing AR 1253–85, 1297–1357).

19           The Commissioner responds that substantial evidence supported the ALJ's

20   finding that Mr. Thoma provided "little meaningful explanation" for his opinion

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 30

1    because Mr. Thoma did not include any mental status examination or other objective

2    testing. *Id.* (citing AR 908). The Commissioner adds that the ALJ reasonably

3    discounted Mr. Thoma's opinion after finding that the opinion was based primarily

4    on Plaintiff's self-reports, which the ALJ did not fully credit. *Id.* (citing *Ghanim v.*

5    *Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014)).

6         Mr. Thoma assessed Plaintiff's mental residual functional capacity on May

7    15, 2018, and December 9, 2020, and found Plaintiff severely limited in seven

8    functional areas, markedly limited in five functional areas, and mildly or moderately

9    limited in the remaining areas. AR 1250–52, 1293–96.

10        Plaintiff does not provide authority for his position that the ALJ was required

11   to recall a medical expert upon remand, and the Court finds no error in the ALJ's

12   treatment of Mr. Thoma's opinion on this ground. Nor does the Court find error in

13   the ALJ discounting the medical opinion for being based primarily on Plaintiff's

14   self-reports, as the ALJ's reasoning demonstrates that he considered the

15   supportability of the opinion and its consistency with other evidence in the record.

16   *See Ghanim*, 763 F.3d at 1162 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041

17   (9th Cir. 2008) ("If a treating provider's opinions are based 'to a large extent' on an

18   applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant

19   not credible, the ALJ may discount the treating provider's opinion."). The Court

20   finds no error with respect to the assessment of Mr. Thoma's opinion.

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 31

1    Having found no error in the ALJ's treatment of medical source opinions, the

2    Court denies Plaintiff's Motion for Summary Judgment with respect to this issue and

3    grants summary judgment to the Commissioner regarding the same.

4    ***Step Three***

5    Plaintiff maintains that the ALJ does conduct an adequate analysis in finding

6    that Plaintiff's condition improved to the point that he no longer meets or equals any

7    listing.  ECF No. 23 at 18.  Plaintiff maintains that he continued to exhibit reduced

8    range of motion of the cervical spine, weakness, and severely decreased range of

9    motion in his bilateral upper extremities as of January 4, 2017 and impaired

10   manipulation to the first percentile by objective testing.  *Id.* at 19 (citing AR 799).

11   Plaintiff also asserts that the "improperly rejected medical opinions" and treatment

12   notes in the record demonstrate that Plaintiff experienced "severe symptomology

13   from 2016 onward."  *Id.* (citing AR 719, 720, 723, 729, 737, 743, 791, 830).

14   The Commissioner responds that the testimony of medical expert Dr.

15   McKenna and objective evidence in the record supports that Plaintiff no longer met

16   the requirements of Listing 1.04A by August 6, 2016.  ECF No. 22 at 16–18 (citing

17   AR 57–59, 816, 900, 1167, 1208-11, 1223, 1228, 1233, and 1235).

18   The ALJ found that the severity of Plaintiff's impairments met or medically

19   equaled Listing 1.04A from March 3, 2014 to August 5, 2016, and Plaintiff

20   maintains that the ALJ erred in finding that Plaintiff no longer met or equaled

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 32

Listing 1.04 after August 5, 2016 Listing 1.04A requires a finding of disability for an individual who has a "disorder[] of the spine . . . resulting in compromise of a nerve root … or the spinal cord." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.  Listing 1.04A requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]" 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.

Dr. McKenna testified that Plaintiff's plexopathy improved by August 6, 2016.  AR 57–59.  Dr. McKenna also opined that Plaintiff did not meet or equal any listing thereafter.  AR 57–59.  On August 10, 2016, Plaintiff's nerve conduction study was normal, and the ALJ cited this study in support of his step three analysis. AR 816–18; 900. Imaging and exams since 2016 further support that Plaintiff's condition has been stable.  AR 900, 1167, 1208-11, 1223, 1228, 1233, 1235. Moreover, while Plaintiff argues that he met Listing 1.04 because he exhibited reduced range of motion, weakness, and impaired manipulation, the ALJ considered evidence that showed normal range of motion, 5/5 strength, normal gait, and improved manipulation and normal sensation.  AR 904, 1209, 1224, 1228–29, 1233, and 1239.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 33

1    Plaintiff also asserts that "Listings 12.04, 12.06, and 12.15, singly or in

2    combination, in accordance with the improperly rejected medical opinions and

3    treatment notes showing severe symptomology from 2016 onward."  ECF No. 18 at

4    19  (citing counseling records from 2017 (Tr. 719, 720, 723, 729, 737, 743, 791,

5    830).  Without any elaboration from Plaintiff, and having reviewed the counseling

6    and other treatment records cited by Plaintiff, the Court cannot determine that

7    Plaintiff has shown that he meets or medically equals any listing after August 5,

8    2016.  *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)("An ALJ is not required

9    to discuss the combined effects of a claimant's impairments or compare them to any

10   listing in an equivalency determination, unless the claimant presents evidence in an

11   effort to establish equivalence."). The Court further notes that the ALJ discussed

12   why Plaintiff did not meet the paragraph B and C criteria, and Plaintiff does not

13   explain how this assessment is flawed.  *See* AR 900–01.

14         The Court finds no reversible error at step three of the ALJ's decision.

15   Therefore, the Court denies Plaintiff's Motion for Summary Judgment on this issue

16   and grants summary judgment to the Commissioner with respect to step three.

17         ***Subjective Symptom Testimony***

18         Plaintiff asserts that the ALJ erred in rejecting Plaintiff's testimony

19   concerning the period after August 5, 2016.  ECF No. 18 at 19.  Plaintiff maintains

20   that the ALJ offered "little more than vague assertions" about contradictory medical

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 34

evidence and that the ALJ incorrectly relied on Plaintiff's "modest" daily activities without identifying how they are incompatible with a finding of disability.  *Id.* at 19–20.

The Commissioner responds that the ALJ reasonably discounted Plaintiff's subjective complaints because of inconsistencies with Plaintiff's daily activities, the medical record as a whole, and Plaintiff's work history.  ECF No. 22 at 4 (citing AR 904–06).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (internal citation omitted).  The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*.  Subjective symptom evaluation is "not an examination of an individual's character," and an ALJ must consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.  *See* SSR 16-3p, 2016 SSR LEXIS 4 (2016).

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 35

1    *Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  Second, if the first test is met and there

2    is no evidence of malingering, "the ALJ can reject the claimant's testimony about

3    the severity of her symptoms only by offering specific, clear and convincing reasons

4    for doing so."  *Smolen*, 80 F.3d at 1281.

5         With respect to daily activities, the ALJ's analysis was not confined to

6    determining whether Plaintiff was "utterly incapacitated," as Plaintiff suggests.  *See*

7    ECF No. 18 at 10.  Rather, the ALJ considered evidence in the record that Plaintiff

8    was injured while dirt biking in 2020 and reported being able to cook for himself

9    and others in May 2018.  AR 905, 1216, and 1254.  In addition, as the Court

10   discussed with respect to medical opinion evidence, a significant portion of

11   Plaintiff's medical records are inconsistent with the severity of impairment that

12   Plaintiff claims.  *See* AR 908, 1205, 1208–09, 1224, 1228–29, 1233, 1239, and

13   1290.  The Court finds no basis to disturb the ALJ's evaluation of Plaintiff's

14   subjective symptom testimony and denies Plaintiff's Motion for Summary Judgment

15   on this issue.  The Court grants summary judgment to the Commissioner with

16   respect to this issue.

17        ***Step Five***

18        Plaintiff contends that the ALJ erred at Step Five "by finding the claimant not

19   disabled despite overwhelming medical and vocational evidence to the contrary."

20   ECF No. 10 at 8.

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 36

1   However, having found no error in the ALJ's treatment of the medical

2   opinions and Plaintiff's subjective symptom testimony, as described above, the

3   Court correspondingly finds no step-five error.  The Court denies Plaintiff's Motion

4   for Summary Judgment on this final ground.

5   Accordingly, **IT IS HEREBY ORDERED** that:

6   1.    Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

7   2.    Defendant's Motion for Summary Judgment, **ECF No. 22**, is

8   **GRANTED**.

9   3.    Judgment shall be entered in favor of Defendant.

10  **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

11  Order, enter judgment as directed, provide copies to counsel, and **close the file** in

12  this case.

13  **DATED** June 24, 2022.

14

15              *s/ Rosanna Malouf Peterson*
            ROSANNA MALOUF PETERSON
            Senior United States District Judge

16

17

18

19

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 37